HENRY COHN

*v.*

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY.

*Opinion filed April 17, 1900.*

SOLICITORS' FEES—*when the amount allowed on foreclosure will not be deemed unreasonable.* An allowance of $781 for solicitor's fees in foreclosing a mortgage will not be set aside, on appeal, as unreasonable, where the amount of the mortgage indebtedness exceeds $15,000, and the defendant offers no proof to rebut the testimony of three witnesses for complainant, who testified that the amount allowed was reasonable, usual and customary.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

MOSES, ROSENTHAL & KENNEDY, for appellant.

HOYNE, O'CONNOR & HOYNE, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a decree of the circuit court of Cook county foreclosing four mortgages given by appellant to the Northwestern Mutual Life Insurance Company to secure the payment of certain moneys therein named. At the time the decree was rendered the mortgage indebtedness amounted to the sum of $15,629.05. Each of the mortgages contained a provision that in case of foreclosure the mortgagor will pay to the mortgagee an adequate and reasonable sum as solicitor's fees, the amount thereof to be fixed by the court. Upon examination of the record it appears that there were more than fifty defendants to the bill, but no defense was interposed to the merits. Some of the defendants answered the bill but the most of them were defaulted. The appellant, in

his answer, neither admitted nor denied the allegations of the bill but called for strict proof.  Replications were put in to the answers, and the case having been referred to the master to take and report the evidence, he filed a report showing that there was due complainant on the mortgages $15,629.05.  The master also found there was due as solicitor's fees, under the provisions of the mortgages, $781.45.  Exceptions were filed to the master's report, which were overruled, and the report was confirmed by the court.  The court found in its decree that there was due the complainant from the appellant the sum of $781.45 as an adequate and reasonable solicitor's fee to the complainant's solicitor.  The allowance of the solicitor's fee is the only error relied upon by appellant to reverse the decree.

In *Casler* v. *Byers*, 129 Ill. 657, where the amount of a solicitor's fee was involved, the court held that a reasonable attorney's fee may be allowed to a party foreclosing a mortgage by bill, when the mortgage so provides, and that what is a reasonable fee is a question of fact to be determined from the evidence in the case.  In that case a fee of $500 was sustained where the amount of the mortgage indebtedness was only $5430.  Here the mortgages exceeded $15,000, and three witnesses were called on behalf of the complainant, who all testified that the amount allowed by the decree was a reasonable, usual and customary fee.  No evidence whatever was introduced by or in behalf of the appellant to contradict the testimony thus introduced by the appellee.  Under such circumstances we cannot say that the amount allowed was excessive.  If the appellant thought the amount found by the master was too large in view of the labor performed, it was his right and his duty to call witnesses and prove what would be an adequate and reasonable sum.  Had he pursued this course, and shown by competent evidence that the amount was excessive, the court would no doubt have reduced the amount, but on appeal we cannot arbi-

trarily disregard the evidence and reverse a decree which seems to be sustained by the evidence.

As the judgment of the Appellate Court is warranted by the evidence it will be affirmed.

*Judgment affirmed.*